IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Carlos Demond Robinson, #290883        )
                                       )        C.A. No. 8:04-22996-HMH-BM
                    Plaintiff,         )
                                       )
        vs.                            )        **AMENDED OPINION & ORDER**
                                       )
D.C. Fuller, Investigator, Greenville County )
Sheriff's Dept.; C.H. Flavell, Investigator,  )
Greenville County Sheriff's Dept.; J.L.       )
Barksdale, Magistrate of Greenville County; )
J. Presnell, Magistrate of Greenville     )
County; P.Bowling, Magistrate of Greenville)
County; C.J. Todd, Investigator, Greenville )
Sheriff's Office; Mark Moyer, Greenville    )
Solicitor; Greenville County; and State of   )
South Carolina,                        )
                                       )
                    Defendants.        )

        This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local

Rule 73.02 DSC.[1]  Carlos Demond Robinson, ("Robinson"), a state prisoner proceeding pro se,

filed a complaint pursuant to 42 U.S.C. § 1983.  Magistrate Judge Marchant recommends

dismissing Robinson's complaint without prejudice and without issuance and service of process

and deeming this case a "strike" for purposes of the three-strikes rule of 28 U.S.C. § 1915(g).

Robinson filed objections to the Report and Recommendation and also filed a motion for a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

preliminary injunction.  For the reasons stated below, the court adopts the Report and

Recommendation, dismisses Robinson's action, denies Robinson's motion for a preliminary

injunction, and deems this case a "strike."

## I. FACTUAL AND PROCEDURAL BACKGROUND

Robinson is incarcerated at McCormick Correctional Institution, a South Carolina

Department of Corrections ("SCDC") facility, for a parole violation ("state conviction").  Upon

completion of the sentence for his state conviction, Robinson will likely be incarcerated

pursuant to a federal conviction.  Robinson was convicted by a jury on various federal drug

charges on May 26, 2004 ("federal conviction"), and his appeal is currently pending.  See United

States v. Robinson, Cr. No. 03-616 (D.S.C. May 26, 2004).

Robinson filed the instant complaint on November 15, 2004.[2]  Robinson claims that on

two occasions Greenville County Sheriff's deputies conducted illegal searches and seizures on

him in violation of his state and federal civil rights.  On February 7, 2005, the Magistrate Judge

filed his Report and Recommendation.  Magistrate Judge Marchant concluded that Robinson's

action is subject to dismissal on three grounds:  (1) Robinson's claims are overly broad and his

complaint contains insufficient facts to state a claim under § 1983; (2) three of the defendants,

J.L. Barksdale ("Barksdale"), P. Bowling ("Bowling"), and Mark Moyer ("Moyer"), have

absolute immunity from suit; and (3) the court lacks jurisdiction to decide a claim against the

State of South Carolina because South Carolina has not waived its sovereign immunity under

the Eleventh Amendment of the United States Constitution.  Robinson filed objections and a

motion for a preliminary injunction on February 25, 2005.

---

[2]See Houston v. Lack, 487 U.S. 266 (1988).

2

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Many of Robinson's objections are unspecific, unrelated to the dispositive portions of the Report, or merely restate his claims. However, Robinson did specifically object to the Magistrate Judge's conclusion that Barksdale, Bowling, and Moyer are immune from suit. Robinson also somewhat clarified his claims in his objections and in his motion for preliminary injunction. Nonetheless, Robinson did not file specific objections to the Magistrate Judge's conclusions that Robinson had failed to allege sufficient facts in his complaint to state a claim under § 1983 or that South Carolina is immune from suit, and the court dismisses Robinson's action on those grounds. As such, the court need not address the other ground for dismissal, absolute immunity, which was discussed in the Report and in Robinson's objections. Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the Report in part and dismisses Robinson's action. Further, because Robinson's complaint fails to allege sufficient facts to state a claim under § 1983, the court denies Robinson's motion for preliminary injunction, as he cannot prevail on the merits of the

underlying lawsuit.  See East Tennessee Natural Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir. 2004).

Therefore, it is

**ORDERED** that Robinson's action is dismissed without prejudice and without issuance and service of process.  It is further

**ORDERED** that Robinson's motion for preliminary injunction is denied.  It is further

**ORDERED** that Robinson's action is deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 6, 2005

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.